UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ISAAC CASTRO; ELVIRA CASTRO; DEMETRIO REYES,<br><br>    Defendants. | No. 2:16-cv-00658-MCE-DB<br><br>**MEMORANDUM AND ORDER** |

    This lawsuit was brought by Plaintiff Scott Johnson ("Plaintiff") under provisions of both the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. ("ADA"), and California's Unruh Civil Rights and Disabled Persons Acts (Cal. Civ. Code §§ 51-53, 54-54.8) on grounds that Birrieria Jalisco, a restaurant located in Stockton, California (hereafter the "Restaurant") contained barriers to access in contravention of those statutory schemes. The Restaurant is operated by Defendant Demetrio Reyes on real property owned by Defendants J. Isaac and Elvira Castro.

    Presently before the Court is Plaintiff's Motion for Summary Judgment, made on grounds that Plaintiff is entitled, as a matter of law, to injunctive relief requiring Defendants to provide an accessible entrance, an accessible path of travel to the restroom, and accessible restroom facilities at the Restaurant. In addition, Plaintiff seeks

statutory penalties against Defendants under the Unruh Act in the amount of $8,000.00. As set forth below, Plaintiff's Motion is DENIED.[1]

## BACKGROUND

Plaintiff is a quadriplegic who cannot walk, uses a wheelchair, and has significant manual dexterity impairments. Stmt. of Undisputed Facts, ECF No. 21-2, ¶ 1. On September 5, 2014, Plaintiff claims he attempted to patronize the Restaurant, located at 2619 S. El Dorado St. in Stockton, California. Id. at ¶¶ 2-4.

According to Plaintiff, when he pulled into the parking lot of the Restaurant, he noted that the hardware on the entrance door was a horizontal bar that Plaintiff's dexterity impairments make it hard for him to utilize because of the tight grasping the bar requires. Consequently, according to Plaintiff, he was deterred from visiting the Restaurant on September 5, 2014. Id. at ¶¶ 4-6. On October 7, 2014, however, Plaintiff claims he returned to the Restaurant to eat. He states he had difficulty opening the door, but, after a few attempts, was able to do so. Id. at ¶ 8.

Plaintiff further claims he had to use the restroom while visiting the Restaurant and discovered that a large jukebox obstructed his path of travel, making the remaining walkway too narrow to traverse in his wheelchair. As a consequence, Plaintiff purportedly had to ask an employee to move the jukebox in order to get into the restroom. Id. at ¶¶ 10-11. Once inside the restroom, Plaintiff alleges that the hardware to lock the door required tight grasping and pinching to operate. Id. at ¶ 12. In addition, there was also only one grab bar installed adjacent to the toilet, but Plaintiff needs two bars for balance and stability. Id. at ¶ 13. Finally, again according to Plaintiff, there were accessibility issues as to the placement of the toilet seat cover dispenser, mirror, and sink knobs. Id. at ¶¶ 14-16.

---

[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

Plaintiff encountered the same above accessibility issues when he returned to the Restaurant to eat a second time on October 31, 2014. Id. at ¶¶ 18-20. Subsequently, on November 12, 2014, Plaintiff attempted to patronize the Restaurant for the third time, but avers that when he saw that the entrance door hardware remained the same, he was deterred from going inside. Id. at ¶ 21.

Plaintiff filed this lawsuit on March 29, 2016, approximately a year and a half after he claims he last attempted to patronize the Restaurant. In opposition to the present motion, the Restaurant's general manager, Maria Gonzalez Hernandez, submitted a declaration which initially questioned Plaintiff's ability to avail himself of the Restaurant's facility on a fundamental level. More specifically, Ms. Hernandez recalled Plaintiff's two visits to the restaurant, and states that she had to personally cut up his food so that he could eat and further had to help Plaintiff in drinking with a straw. Hernandez Decl., ECF No. 23-1, ¶¶ 3, 6-12. Without such help, based on her own personal observation, Ms. Hernandez believed that Plaintiff "could not eat or drink anything in our establishment." Id. at ¶ 13.

Next, according to Ms. Hernandez, prior to Defendants being served with the instant lawsuit "all the alleged violations that Plaintiff claims in his complaint regarding the bathroom had been remedied." Id. at ¶¶ 21-22. Accordingly, no legal action was consequently necessary to effectuate those changes, since they were made before the Restaurant had any knowledge of Plaintiff's complaint.

With regard to the jukebox that Plaintiff claims impeded his path to the restroom, Ms. Hernandez states that it "usually is kept away from the entrance to the bathroom" unless inadvertently moved for cleaning. Id. at ¶ 19. Finally, with regard to the entrance door, Ms. Hernandez claims that since the Restaurant has two doors, one that can be pushed in from the outside and the other being pushed out from the inside, "no grasping or turning is required to enter or leave the restaurant." Id. at ¶ 18.

In now moving for summary judgment, Plaintiff concedes that "Defendants have already removed all the restroom barriers." Pl.'s Mot., ECF No. 21, 9:16-17.

Significantly, too, Plaintiff failed to submit any reply papers taking issue with Ms. Hernandez' observations that he could not eat or drink at the Restaurant, or that ingress and egress to and from the Restaurant was not impeded by non-accessible door hardware.  As indicated above, Plaintiff seeks injunctive relief only for the already-remedied alleged bathroom violations, as well as the placement of the jukebox when he visited the Restaurant.  In addition, Plaintiff asks for statutory penalties totaling $8,000 under the Unruh Act at California Civil Code § 55.56 for two visits at $4,000 per violation, even though he claims he visited and/or was deterred from visiting the Restaurant on four different occasions.

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex, 477 U.S. at 325.

In a summary judgment motion, the moving party always bears the initial responsibility of informing the court of the basis for the motion and identifying the portions in the record "which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968).

In attempting to establish the existence or non-existence of a genuine factual dispute, the party must support its assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information,

affidavits[,] or declarations . . . or other materials; or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52 (1986); Owens v. Local No. 169, Assoc. of W. Pulp and Paper Workers, 971 F.2d 347, 355 (9th Cir. 1987). The opposing party must also demonstrate that the dispute about a material fact "is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. In other words, the judge needs to answer the preliminary question before the evidence is left to the jury of "not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251 (quoting Improvement Co. v. Munson, 81 U.S. 442, 448 (1871)) (emphasis in original). As the Supreme Court explained, "[w]hen the moving party has carried its burden under Rule [56(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. Therefore, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Id. at 587.

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

////

////

**ANALYSIS**

To prevail on a claim under Title III of the ADA, "a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir. 2010). "The third element . . . is met if there was a violation of applicable accessibility standards." Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011) (citing Chapman v. Pier 1 Imports (U.S.), Inc., 631 F.3d 939, 945 (9th Cir. 2011); Donald v. Cafe Royale, 218 Cal. App. 3d 168, 183 (1990)).

Plaintiff moves for summary judgment on grounds that the Restaurant's non-accessible features, including the configuration of the bathroom, the entrance door hardware, and the path of travel to the restroom all impeded his ability to fully utilize the Restaurant's facilities in contravention of the ADA. Plaintiff also moves for summary judgment as to his claim under the Unruh Civil Rights Act, which incorporates the provisions of the ADA by providing, in pertinent part, that: "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of [the Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). California Civil Code § 52(a) sets a minimum of $4,000 in damages for a violation of the Unruh Act.

The ADA defines a person as disabled if, among other things, he has "a physical . . . impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" as an example of a major life activity. Id. § 12102(2)(A). Thus, because Plaintiff is a paraplegic, he is considered disabled within the meaning of the ADA. As an establishment serving food and drink, the Restaurant is expressly identified under the ADA as a place of public accommodation. See id. § 12181(7). Finally, to the extent it fails the requirements set forth in the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"), the Restaurant is

6

deemed to contain barriers to access. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011) ("Any element in a facility that does not meet or exceed the requirements set forth in the ADAAG is a barrier to access.").

The salient issue here is whether the Restaurant contained barriers to access that denied Plaintiff his right to enjoy the Restaurant as a place of public accommodation. As a preliminary matter, Defendants assert that Plaintiff was able to patronize the Restaurant only due to the "extraordinary care and service" provided by Restaurant manager Maria Gonzalez Hernandez, who claims that she had to help Plaintiff in order to both eat and drink. Defs.' Opp., ECF No. 23, 7:17-18. Plaintiff submitted no reply papers taking issue with that characterization. While a restaurant is obligated to make its facilities accessible to persons with disabilities in accordance with the ADA, there is no authority for the proposition that it must also provide the assistance of an aide or helper to help an individual eat or drink. This is hardly surprising since, as Defendants point out, a restaurant is not "a hospital or care facility" obligated to handfeed its customers. Id. at 7:9-11. Consequently, Defendants raise a question of fact as to whether Plaintiff legitimately could have eaten at the Restaurant without assistance going well beyond any accessibility requirements mandated by either the ADA or California's Unruh Act, which incorporates the ADA. That question of fact alone justifies denying Plaintiff's Motion for Summary Judgment.

Plaintiff's Motion also fails for other reasons, however. The request for injunctive relief as to the configuration of the Restaurant's restroom is moot since, as Plaintiff's own Motion concedes, the necessary repairs have not only been made but were apparently completed before this lawsuit was even commenced. Tellingly, too, while the body of Plaintiff's Motion discusses the alleged shortcomings of the Restaurant's entrance door hardware at some length, Plaintiff makes no attempt to rebut Defendants' claim in opposition that the doors opened outward and consequently imposed no impediment to accessibility. Indeed, Plaintiff does not even request injunctive relief on that issue. Instead, the only item aside from the mooted restroom configuration for which such relief

7

is sought is the placement of the jukebox, which Plaintiff claims made the pathway into the restroom too narrow to properly navigate in his wheelchair. Defendants, however, through the Declaration of Ms. Hernandez, claim that the jukebox frequently had to be moved for cleaning, and by Plaintiff's own admission a Restaurant employee adjusted its allegedly inadvertent position when Plaintiff needed to use the bathroom. Hernandez Decl., ¶ 19; Decl. of Scott Johnson, ECF No. 21-4, ¶ 11. Given the fact that every inference must be drawn in Defendants' favor as the opposing party to Plaintiff's Motion, Ms. Hernandez' declaration creates a triable issue of fact as to the jukebox that precludes injunctive relief on summary judgment. Anderson, 477 U.S. at 255.

That leaves the propriety of the statutory penalties sought by Plaintiff as a result of the access barriers he allegedly encountered. Plaintiff seeks $8,000 for being prevented and/or deterred from fully accessing the Restaurant's facilities on two occasions, based upon a $4,000 per visit statutory penalty under California Civil Code § 52(a). Even aside from whether Plaintiff can claim accessibility barriers if he was unable to eat and drink at the restaurant without assistance going beyond the purview of the ADA or the Unruh Act, Plaintiff concedes that the restroom configuration barriers have been remedied, and according to Defendants the issues were fixed before this suit was even instituted. Pursuant to California Civil Code § 55.56(f)(2), a defendant's liability for construction-related accessibility claims against a place of public accommodation is reduced to a minimum of $2,000 for each offense if the defendant corrects all alleged violations within 30 days after being served with the complaint, and if the defendant is a small business employing 25 or fewer employees. Here, the Hernandez Declaration indicates that in fact the restroom issues were resolved before the Restaurant had any notice whatsoever of Plaintiff's suit, let alone within 60 days after its filing. Hernandez Decl., ¶¶ 21-22. In addition, Ms. Hernandez goes on to state that the restaurant employs less than 25 employees. Id. at ¶ 25. Consequently, giving Defendants' evidence due deference on summary judgment, the Court cannot award $4,000 per violation here as a matter of law as Plaintiff requests.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 21) is DENIED.

IT IS SO ORDERED.

Dated: May 22, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE